### In re Mark Randall WALLEN.

### No. 10–11–00206–CV.

Court of Appeals of Texas, Waco.

Aug. 3, 2011.

Nita Kissel Fanning, Law Office of Nita Fanning, Waco, for Appellant/Relator.

William C. Bosworth, Jr., Cleburne, for Appellee/Respondent.

Christopher C. Cooke, Cooke Law Firm PC, Cleburne, for Real Party in Interest.

Before Chief Justice GRAY, Justice DAVIS, and Justice SCOGGINS.

### OPINION ON REHEARING

AL SCOGGINS, Justice.

Mark Wallen filed a "Request for Reconsideration and Rehearing" complaining

of this Court's opinion denying his petition for habeas corpus. Wallen requested habeas corpus relief from an April 5, 2011 order holding him in contempt and ordering his commitment to county jail. The trial court found thirteen violations and ordered Wallen confined for ten days for each violation.

In his petition for habeas corpus, Wallen presented five issues. Wallen argued that:

1: The underlying orders of the Court providing that neither party may communicate with the other in a course (sic) or offensive manner amounts to an unconstitutional prior restraint on speech.

2: The trial court abused its discretion in finding Mark Wallen in contempt because the order he was found to have violated was too vague to be susceptible to a finding of contempt.

3: The Order Holding Respondent in Contempt includes an order modifying custody of the child [C.W.], placing him in the custody of his mother until August 14, 2011 without notice, hearing, or even pronouncement by the court of such change.

4: The Order Holding Respondent in Contempt erroneously provides that attorney's fees may be collected as child support.

5: The Court erroneously set an ending date for each contempt violation it found.

In his motion for rehearing, Wallen contends that this Court failed to consider eleven of the violations for which he was held in contempt. This Court considered issues one and two as presented and argued in Wallen's petition for habeas corpus. Wallen's specific arguments were that the orders were an unconstitutional restraint on speech and that the orders were too vague. We denied relief on issues one and two. This Court considered issue three and found that it was not properly before the Court. This Court sustained issues four and five and deleted the portions of the order providing attorney's fees could be enforced by contempt and setting an ending date for confinement on each violation.

We deny the request for rehearing and reconsideration.